Good morning. Good morning. And I apologize for arriving a bit late. I didn't anticipate so much traffic, so that's fine. Yeah, that's fine. You wouldn't have even known you were late if you followed me. I'll check. Sorry. Your conscience is cleared up. Well, Your Honors, this case involves, as we know in the briefs, just one single legal issue. Whether my client, Jesus Romero, who's, I should mention his father and sister here, of course, a real person, it's a real life, you already know that, whether he qualifies for cancellation or removal. Now, this is the second time we've been here. The case was remanded back to the VA before, but for some reason it got sent right back here. My understanding, the implication was when it was remanded was because it's obviously some kind of error and it should have been reversed. However, the VA just sent the case right back here with the same decision, so here we are. The issue here is whether or not a drug offense, which has been eliminated under the state rehabilitative statute, the PC-1000 here in California, can be used as an admission against my client to preclude him from establishing good moral character. As we know, there's just one issue here. The immigration judge said that even though my client completed or was in the PC-1000 program, and even though this did not constitute a conviction, a controlled substance conviction, it could still be used against him as an admission. And that's just wrong. The reason being because pursuant to the Ninth Circuit law, under the Lujan Armendariz case, another case is similar to that, when a controlled substance offense is eliminated through the state rehabilitation statute, in this case PC-1000, it doesn't exist for any purpose. And that's what the Federal First Offender Act says. So the immigration judge is right, the BIA is right, and the government is right when we all agree that this is not a conviction which would preclude eligibility for cancellation or removal. So I'll just kind of move on. We all agree with that. They're going further and saying, though, even though it's not a conviction, it still can be used against you as an admission. And that's when we go back to the Federal First Offender statute, which is designed to help people in this situation. A first-time drug offender who has one simple possession offense is entitled to a second chance in life. And that's the program of redemption. Can it be considered as a relevant factor, however, assuming we remand this case? Would it be one factor to be considered not to be determinative? I would say no, actually, because the Federal First Offender statute in the Ninth Circuit case, which refers to that, it specifies there, I think I have a quote here. Is that Hovsepian? No, the Lujan-Armandares case. It says if you are under the Federal First Offender Act, which we are here, I think the defendant, well, the Federal First Offender Act prevents him from suffering any disability imposed by law on account of the finding of guilt. So that seems to me pretty clear. Any disability is any disability. So you can't, on the one hand, say, well, it's not a conviction, so we're not going to count it against you. But we're still going to say it's an admission, and so you're still disqualified. That doesn't make any sense. Any disability is any disability. And the one-time chance per lifetime of a simple drug offense, you get a fresh start. You get a simple one-time new fresh start chance in life. That's what this is designed to do, and that's what the law is. It's not supposed to have any disabilities against him, and it would, again, it would say it's not a conviction, but the consequence is just the same anyway. You're still disqualified because we can use it as an admission. So to answer your question, I don't think you can even use it. You answered it. You answered it. Yeah, okay. Why don't you have a seat? Okay, thank you. Oh, let me ask you a question. You can stand there. You know, you didn't file a stay in this case. Did you know that? In this particular case, it was kind of weird. Well, it's weird, but I'm telling you, you didn't file one, and you might want to think about doing that. Yes, sir. All right. Next. May it please the Court, I'm Lyle Jensen, and I represent the government today. If you look at this Court's precedents, Lujan, Armendariz, Dillingham, et cetera, they go to the Federal First Offenders Act, which says that for certain purposes or if you satisfy certain things, your conviction can be expunged. As Mr. Baker has said, there's no question this conviction was expunged. But all of those cases go back to the Federal First Offenders Act, and what that specifically says at subsection B, which is the provision that concerns us here, is that a disposition under subsection A shall not be considered a conviction for any purpose, for the purpose of disqualification or disability opposed by law upon conviction of a crime or for any other purpose. This was not considered a conviction. The case law here, I must have left the sheet back there, but when you read Lujan Armendariz, persons whose offenses would qualify for treatment under the FFOA but are convicted and have their convictions expunged under state law may not be removed on account of those offenses. That's what this Court's case law says. None of them dealt with the issue here, good moral character. What they said following the wording of the Federal First Offenders Act is that if a conviction is expunged, the government cannot turn around and deport you or remove you on account of that conviction here. But doesn't it amount to the same thing? You're saying that you admitted you did it, you got convicted, we expunged it. Why isn't that just using it in the same way? Well, actually, this Court has answered that in Halsepian, where they've said, and realizing that's under the Federal Youth Corrections Act, which is different, but it was an expunged conviction. And what this Court said was, yes, the expunged conviction can't be used for certain purposes. Here, under the Federal First Offenders Act, it can't be used to remove him. But that doesn't make the underlying offense just go away so it can never be looked at. That's not what the Federal First Offenders Act says. And that's not what the Court says. That's its purpose. No, it's purpose. That's its purpose. Your Honor. You know, I just, I would think that the Justice Department had better things to do than go around and sort of nitpick these little statutes, you know. Well. It's clear that that's its purpose. No. But no case so far in this Court has said that, Your Honor. Maybe we'll get one soon. No, I understand that. But so far, and that's why we're here. Yeah, I know. The Court hasn't said that. Yeah. And the Court has said the opposite. Yeah. And that's why we're here. Essentially, this Court would have to go against Hovsepian and the Castro case to come up with that conclusion, because all we're doing is dealing with good moral character. Now, if you look at cancellation of removal, there are two possible impediments to it. One is conviction of an offense. Well, as I read Lujan Armendariz and Dillingham and Ramirez Castro, there's certainly a very, very strong suggestion that the offense wouldn't be considered as an admission for any purpose. And so, you know, that's a question of law we'll have to decide. Again, Your Honor, in those cases, the issue was different here. The issue was can he be removed. Even in Dillingham, the issue was can he be denied adjustment of status based on a conviction. There was no issue on good moral character. Dillingham was despite a guilty plea. No, Dillingham, I'm sorry, Dillingham. As I read Dillingham, petitioner was found statutorily eligible for adjustment of status despite entering a guilty plea on a drug possession charge that was later expunged. Did I misread that case? No, that is correct. But again, what the government was arguing, what this Court found, was that because he had a conviction, even though it was expunged, he could not qualify for adjustment of status. Again, the operative word is conviction. And this Court said, no, you're wrong. It's not a conviction. We're not arguing it's a conviction here. The Board specifically said it's not a conviction here. You're saying it's not a conviction, it's an admission. And that admission is found in the application for cancellation of removal on AR-206. Now, the judge would have been aware of this, the underlying misconduct, regardless. And to say that the judge can't consider it, I mean, there are a lot of people queued up wanting to be admitted, wanting to get cancellation of removal. Here we have someone who did violate the law. He wasn't convicted because it was expunged, but he did commit the act. To say that the court, I'm sorry, the I.J., the immigration court, cannot even consider the underlying misconduct, that goes a long way. They have to be able to at least consider it. And, in fact, if you look at my opponent's brief on page 12, he contradicts what he said here today because he says it can be considered as a discretionary factor. Well, if it can be considered for any factor, it can be considered. But not determinative. Not what? Under the statute, Congress has said it is determinative if he has admitted facts which would he has admitted the underlying facts of a drug possession. That's different than a conviction because the conviction can't be considered. He could have been under the Cancellation Act. It's hard for me to see the difference here. But there is a difference, Your Honor, being able to at least consider it. Well, listen, listen. We got your argument well in hand. We understand, Your Honor. Yeah, we got it. Thank you for the Court's time. Thank you. The matter is submitted. And now we'll go to number three. And this is submitted on the briefs. That's Reano-Pena vs. McCoskey. And now we come to United States vs. Renteria.
judges: Pregerson, D.W. Nelson, Thompson